### DANSBY v. JOHNSON, USE OF GRESHAM.

1. Where an attachment is sued out under the act of 1837, as ancillary to an action at law, the irregularity of the attachment or proceedings on it, will not authorise the reversal of the judgment in the action.
2. And where, in such case, the record contained the entry of a judgment in favor of the plaintiff, it will be considered as having been rendered in the suit, and not on the assistant process.
3. If the replevy bond executed on the levy of the attachment, can not, on being returned forfeited, have the effect of a judgment, an execution issued thereupon will be superseded, or enjoined, according as the objection may be.

Writ of error to the Circuit Court of Marengo.

THE defendant in error brought an action of *assumpsit* for the use of Gresham against the plaintiff, on a promissory note, for the payment of twenty-four hundredand sixteen 72-100

Dansby *v.* Johnson, use, &c.

dollars, with interest. Pending the cause, Gresham sued out an attachment in his own name, as ancillary to the action on the note. The judgment entry, without being preceded by a statement of the parties names, merely recites that the parties came by their attornies, that the jury found the issues in favor of the plaintiff, &c. and then follows the judgment in conformity to the verdict.

To revise this judgment, the defendant has sued a writ of error to this Court.

HUNTINGTON for the plaintiff in error, insisted, that the act of the 23d Dec. 1837, authorised the issuance of an ancillary attachment, and declares that the replevy bond shall have the force and effect of a judgment if the plaintiff succeeds in the action, and the defendant fails to perform its condition. But in whose name shall execution issue in the present case? The replevy bond is to Gresham, and the judgment of the Court is in favor of the plaintiff—if both are allowed to operate, the defendant's property may be subjected to two executions, one at the suit of Gresham, and the other in favor of Johnson. Such a state of things cannot be allowed, and the judgment is defective for uncertainty.

PECK & CLARK, for the defendant, argued, that the proceedings on the attachment might be placed entirely out of view, and this being done, the judgment was unobjectionable.

COLLIER, C. J.—The act of 1837, which provides for the issuance of an attachment in certain cases, as ancillary to an action already commenced, was intended to provide an additional means for the security of the creditor. The irregularity of the attachment, or the proceedings upon it, cannot affect the plaintiff, if his suit has in other respects, been regularly prosecuted to judgment. It is entirely competent for him to renounce all the benefit which might have been derived from the attachment, and replevy bond, and take the chances of satisfying his judgment by executing such property of the debtor as may be found. This being the law, the question is, can an execution be issued on the judgment at the suit of the plaintiff below? Although there is no statement of the names of the par-

ties in connection with the entry of judgment, yet we think it clear, that the recitals contained in it, must be held to refer to the cause as then pending in the Circuit Court; the contrary supposition proceeds upon the idea that the attachment, instead of being assistant process, was in itself a distinct suit—an idea, as we have already seen, not well founded.

If the replevy bond executed upon the levy of the attachment, cannot have the effect (upon being returned *forfeited*) of a judgment, so as to warrant the issuance of an execution, the law will afford to the obligors an ample protection, either by superseding or injoining it.

The judgment is free from error, and consequently affirmed.